UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JHONATHAN JAVIER LOBO VIZCAINO,<br><br>              Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>              Respondent. | No. 2:26-cv-00542-DJC-CSK<br><br><br>ORDER |

Petitioner Jhonathan Javier Lobo Vizcaino is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in Count 2 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 202); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 6.)  In their

1

response, Respondents note that Petitioner was "encountered by ICE officers at the South Jordan Police Department in Utah during a narcotics-related investigation[,]" and that "Petitioner was found to be in possession of a bag of marijuana which was returned to the South Jordan Police."  (ECF No. 8 at 2.) .)  While this incident does not alter the determination that due process requires a hearing, the Court concludes that due process is satisfied if Petitioner is provided with a post-depravation bond hearing within five days.  *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025).  Neither party objected to the Court ruling directly on the merits of the petition.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Within five (5) days of this Order, Respondents shall afford Petitioner Jhonathan Javier Lobo Vizcaino a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **February 26, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.